UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. CV-03-S-1305-NE |
| ) | |
| RONALD H. MCCAIN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**FILED**
OCT 21 2003
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

ENTERED
OCT 22 2003

## MEMORANDUM OPINION

Plaintiff, the United States of America, through its agency, the Small Business Administration ("SBA"), issued a loan, designated as SBA Loan No. EIDL 50915740-10 BIR, to Incad, Inc. ("Incad").[1] Incad executed and delivered a Promissory Note ("note") to the SBA, in the original principal amount of $139,500.00.[2] To secure the note, plaintiff accepted the unlimited personal guaranties of defendants Ronald H. McCain, Anita Marie McCain, James D. Kennamer, and Selina M. Kennamer.[3] The SBA presently is the holder and owner of both the note and the accompanying personal guaranties.[4]

Plaintiff alleges that all defendants are presently in default under the terms of the note and their unlimited personal guaranties because they have failed to make the required monthly payments due under the note.[5] Because of the defendants' alleged default, SBA

---

[1] *See* doc. no. 7 (Valrie affidavit), at 1.
[2] *Id; see also* doc. no. 6 at Exhibit A (Promissory Note).
[3] Valrie affidavit at 1. *See also* doc. no. 6 at Exhibit B.
[4] Valrie affidavit at 1-2.
[5] Doc. no. 6 at 2-3.

elected to declare the entire balance of the note due and payable.[6] Plaintiff further contends that defendants have refused to pay the balance declared due.[7] Accordingly, plaintiff argues that, under the terms of the note and the personal guaranties, defendants owe the United States of America, through its agency SBA, the principal amount of $138,230.26, plus interest accrued as of May 6, 2003, in the amount of $3,890.13, for a total amount owed of $142,120.39, with an annual interest rate of 4.00% accruing from May 6, 2003 until the date of judgment, and after judgment, interest accruing at the legal rate until the debt is paid in full.

Plaintiff moved for summary judgment against all defendants on September 3, 2002.[8] Defendants Ronald H. McCain and Anita M. McCain ("the McCains") responded to plaintiff's motion on October 6, 2003.[9]

## I. SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c) provides, in part, that summary judgment not only is proper, but also that it "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Thus, "the plain language of Rule 56(c)

---

[6] *Id.* at 3.

[7] *Id.*

[8] *See generally id.*

[9] Doc. no. 10. As more fully set forth in the order entered contemporaneously herewith, plaintiff's claims against defendants James D. Kennamer and Selina M. Kennamer are dismissed without prejudice due to the Kennamers' pending bankruptcy. Thus, the case proceeds only against the McCains, and the summary judgment analysis applies only to the McCains.

mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986).

> In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment.
>
> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)); *see also United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991) (en banc). The motion pierces the pleadings, and "strikes at the heart of the claim. In effect it argues that as a matter of law upon admitted or established facts the moving party is entitled to prevail." Charles Alan Wright, *The Law of Federal Courts* § 99, at 705 (5th ed. 1994).

## II. ANALYSIS

Defendants Ronald H. McCain and Anita M. McCain explicitly state that they "do not contest the material allegations set forth in the [summary judgment] motion by [plaintiff]."[10] In fact, in their response to plaintiff's motion for summary judgment, the McCains admit the

---

[10] *See id.* at § II.

above-stated amount is due and owing to the United States of America, through its agent SBA.[11] The McCains merely contest the dates on which the note and guaranties were executed.[12] Plaintiff contends the note and personal guaranties were executed on December 11, 2001; and, indeed, the note and guaranties all bear that date *on their faces*.[13] The McCains, on the other hand, contend the note was executed on January 29, 2002, and the guaranties were executed on January 30, 2002.[14] The McCains' assertion is correct, because the note was not signed until January 29, 2002, and the McCains' personal guaranties were not signed until January 30, 2002.[15]

Nonetheless, the discrepancy in execution dates has no bearing on the McCains' liability under their personal guaranties for defaulting on the loans. The McCains state that Incad needed the loan to provide it with emergency funds to meet its financial needs, and because the loan did not close in December of 2001, as scheduled, Incad was not able to repay many of its debts, including its SBA loan.[16] Even in light of these factual statements, however, the McCains make no legal argument that the delay in closing on the loan should relieve them from liability under their personal guaranties. The McCains even admit that the contested facts regarding dates are not material to the resolution of this dispute.[17] Thus, the undisputed material facts clearly reveal that payments were not timely made on the loan, that

---

[11]*See id.* at §I(d).
[12]*Id.* at §II.
[13]*See* doc. no. 6 at Exhibits A & B.
[14]*See* doc. no. 10 at § II.
[15]*See* doc. no. 6 at Exhibits A & B.
[16]Affidavit of Ronald H. McCain, appended to doc. no. 10.
[17]Doc. no. 10 at § II.

the loan is in default, and that the McCains, having provided no adequate reason why they should be relieved of liability under the personal guaranties they executed, owe the government the full balance of the loan, plus accrued interest.

### III. CONCLUSION

The McCains admit that they signed personal guaranties in support of a promissory note on SBA Loan No. EIDL 50915740-10 BIR. They admit the note is presently in default, and the balance of the loan, including accrued interest is owed to the United States of America, through its agency, SBA. The McCains contest the date on which the note and the guaranties were executed, but they admit those contested facts are not material to the resolution of this dispute. Accordingly, no material disputed facts remain, and summary judgment is due to be granted in favor of the plaintiff. An appropriate order will be entered contemporaneously herewith.

DONE this 20th day of October, 2003.

_____
United States District Judge